ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
LORI L. PRICE
State Bar No. 025698
HEATHER SIEGELE
State Bar No. 023996
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: lori.price@usdoj.gov
heather.siegele@usdoj.gov
Attorneys for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>Plaintiff,<br><br>vs.<br><br>Marco Antonio De La Garza, Jr.,<br>aka Marco Antonio De La Garza Campos,<br>aka Marco Antonio Delagarza, Jr.,<br><br>Defendant. | CR-18-00353-TUC-RCC (BGM)<br><br>PLEA AGREEMENT<br><br>(Fast Track §5K3.1) |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

1. The defendant agrees to plead guilty to Count One of the Indictment, charging a violation of 18 U.S.C. §1542, False Statement in Application and Use of Passport. The remaining counts in the Indictment will be dismissed at the time of sentencing. The government agrees not to bring any other federal criminal charges related to false claims of United States citizenship that the defendant may have made as described in the disclosure of this case.

//

## Elements of the Offense

2. The elements of False Statement in Application and Use of Passport are that on or about October 16, 2017:

   a. The defendant willfully and knowingly made a false statement in an application for a United States passport; and

   b. The defendant made the false statement intending to induce or secure the issuance of the passport for his own use, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws.

## Maximum Penalties

3. A violation of 18 U.S.C. § 1542, is a Class C felony. The maximum term of imprisonment is 10 years. A Class C felony is punishable by both imprisonment and a maximum fine of $250,000, and a term of supervised release of up to 3 years.

4. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5. Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

## Immigration Consequences

6. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless

affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

## STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

7. Guideline Calculations: The parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence. Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties stipulate and agree that the following guideline calculations are appropriate for the charges for which the defendant is pleading guilty:

   **18 U.S.C. § 1542**
   | | | |
   |---|---|---|
   | Base Offense Level | § 2L2.2(a) | 8 |
   | Acceptance of Responsibility | § 3E1.1(a) | -2 |
   | Early Disposition | § 5K3.1 | <u>-2</u> |
   | Total Adjusted Offense Level: | | 4 |

8. Sentencing Range: Pursuant to U.S.S.G., and Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree to a sentence within the guidelines outlined below:

   **Offense Level 4:**
   0 to 6 months of imprisonment if defendant's Criminal History Category is I;
   0 to 6 months of imprisonment if defendant's Criminal History Category is II;
   0 to 6 months of imprisonment if defendant's Criminal History Category is III;
   2 to 8 months of imprisonment if defendant's Criminal History Category is IV;
   4 to 10 months of imprisonment if defendant's Criminal History Category is V;
   6 to 12 months of imprisonment if defendant's Criminal History Category is VI.

9. The defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated ranges listed above.

10. If the defendant moves for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement.

11. If the defendant argues for a variance under 18 U.S.C. §3553(a) in support of a sentence request below the stipulated range in this agreement, the government may oppose the requested variance. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance below the stipulated range in this agreement.

12. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

13. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

14. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing. The defendant understands and agrees the United States retains unrestricted right to provide information and make any and all statements it deems appropriate to the Probation Office and to the Court in connection with this case.

15. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

//

### Forfeiture

16. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

### Waiver of Defenses and Appeal Rights

17. Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence-including the manner in which the sentence is determined and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed 12 months' imprisonment and is within the stipulated range. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed

to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Breach of Agreement

18. If the defendant fails to comply with any obligation or promise pursuant to this agreement, including the failure to appear at sentencing, the United States:
    a. may, in its sole discretion, declare any provision of this agreement null and void in accordance with this agreement and the defendant understands that he shall not be permitted to withdraw the plea of guilty made in connection with this agreement;
    b. may prosecute the defendant for any offense known to the United States for which the defendant is responsible, and the defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement;
    c. may argue for a maximum statutory sentence for the offenses to which the defendant has pled guilty.

### Reinstitution of Prosecution

19. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Plea Addendum

20. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed

with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### Perjury and Other Offenses

21. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or the Court, may be used against the defendant in all such prosecutions.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

22. I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other right with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

23. I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

24. I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

25. My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

26. I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

27. I am satisfied that my defense attorney has represented me in a competent manner.

28. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

> I am not a citizen or national of the United States. I am a citizen of Mexico. On or about October 16, 2017, at the Cochise County Superior Court in the District of Arizona, I submitted an application for a United States passport. In the passport application, I knowingly and willfully stated that I was a United States citizen, that I was born in Brownsville, Texas, and that my date of birth was December 21, 1980. I knew those statements were all false because I knew based on conversations with my parents when I was a teenager and also based on my Mexican birth certificate that I was a Mexican citizen born in Tamaulipas, Mexico on October 16, 1980. I made the false statements with the intent to induce or secure the issuance of a passport under the authority of the United States for my own use contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws.

12/20/18
_____
Date

_____
Marco Antonio De La Garza, Jr
Defendant

//

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

12/20/18
Date

Matthew Green, Esq.
Attorney for Defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

12/20/18
Date

LORI L. PRICE
HEATHER SIEGELE
Assistant U.S. Attorney