**LAW OFFICES OF MATTHEW H. GREEN**
Matthew H. Green (Bar No. 020827)
130 West Cushing Street
Tel.: (520) 882-8852
Fax: (520) 882-8843
Email: matt@arizonaimmigration.net
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-18-00353-RCC-BGM |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| MARCO ANTONIO DE LA GARZA CAMPOS, | |
| Defendant. | |
| | (HONORABLE RANER C. COLLINS) |

COMES NOW the defendant, through undersigned counsel, and submits this memorandum in advance of the sentencing and dispositional hearing scheduled for March 28, 2019 at 9:00 a.m.

RESPECTFULLY SUBMITTED this 21st day of March, 2019.

By: s/Matthew H. Green
Matthew H. Green
Attorney for Defendant

Electronic copy to:

U.S. Attorney's Office
Lori Price
Heather Siegele

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Introduction**

    **A.  The charges and their resolution/disposition**

On February 22, 2018, Marco Antonio De La Garza Campos (*hereinafter* "Mr. De La Garza") was arrested on immigration charges in the District of Arizona. He was released on personal recognizance to a third party custodian based on a complaint filed in the U.S. District Court in Tucson that same date. The indictment charged Mr. De La Garza with two counts of False Statement in Application and Use of Passport and one count of False Statements. On December 20, 2018, Mr. De La Garza pleaded guilty to one count of False Statement in Application and Use of Passport by entering into a written plea agreement.

The Presentence Report ("PSR") recommends a one-year term of probation.

    **B.  Mr. De La Garza's History**

Marco Antonio De La Garza was born on October 16, 1980 to Mr. Marco Antonio De La Garza Robles and Susana Campos-Camacho. (PSR, ¶34). He has one sister, two paternal half-brothers and two paternal half-sisters. (PSR, ¶36-37). Mr. De La Garza resided with his mother in Mexico until 1999 (age 19). (PSR, ¶40).

Prior to departing Mexico, in 1996 (age 16), Mr. De La Garza began working for his father. Mr. De La Garza's father owned Plasti-Mart in Monterrey, Mexico. (PSR, ¶35). While employed at Plasti-Mart, Mr. De La Garza's job responsibilities included handling the invoices, shipping and receiving needs of the business. (Id.). This employment ended, however, when Mr. Da La Garza chose to seek full time

employment in the United States. (Id.). In pursuit of this employment goal, Mr. De La Garza relocated to Mission, Texas where he resided for the next 2 years before settling in Brownsville, Texas. (PSR, ¶40). During this time, Mr. De La Garza earned his Texas Certificate of High School Equivalency (GED). (PSR, ¶47).

In 2003 (age 23), Mr. De La Garza enlisted with the United States Navy. During the term of his enlistment, Mr. De La Garza served the United States meritoriously earning a medal and a number of awards and certificates for his military service. (See Exhibit A). He maintained this exemplary service record throughout his 5 years of service. In 2008 (age 28), Mr. De La Garza was honorably discharged from the United States Navy. (PSR, ¶40).

Upon his Navy discharge, Mr. De La Garza returned to Brownsville, Texas. After two years in Brownsville, Mr. De La Garza spent two years in Harlingen, Texas working for Southwest Key. (PSR, ¶¶40, 54). Southwest Key is a contractor for Child Protective Services. (PSR, ¶54). This employment terminated when Mr. De La Garza accepted a position as a U.S. Customs and Border Protection Officer. (Id.).

From April 2012 until March 2018, Mr. De La Garza maintained his employment with U.S. Customs and Border Protection. (PSR, ¶52). Mr. De La Garza's strong military work ethic carried over to his U.S. Custom's and Border Protection career. As early as basic training, Mr. De La Garza was recognized for his leadership abilities and "willingness to give of oneself." (See Exhibit B).

Early in Mr. De La Garza's law enforcement career, he married Tracy Lynn Cottrell. Together they have two minor children. (PSR, ¶38 and see Exhibit C). At the

conclusion of this case, if permitted to remain in the United States, Mr. De La Garza anticipates serving as a stay-at-home dad in order to care for his children and reduce family expenses. (PSR, ¶42). Once the kids reach school age, Mr. De La Garza plans to seek employment. (Id.)

## II.   Law and Argument

The U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") has adopted a simplified approach to reviewing sentences, basing said review on two steps: whether the trial Court followed the proper procedures laid out in USSG § 1B1.1 and then whether the sentence was substantively reasonable. Per the Ninth Circuit:

> In reviewing a sentence determination, a court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445(2007). If the district court's sentence is procedurally sound, "the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1004 (9th Cir. 2012).

The first procedural step required in USSG § 1B1.1 is to determine the guideline range. The second step is to analyze offender characteristics and departures. The third is to consider the 18 USC § 3553(a) factors. Presuming the Court has done that, a substantively reasonable sentence will be upheld.

### A.   18 U.S.C. § 3553(a)(1)

**1.   Nature and Circumstances of the Offense**

This is an immigration offense. There are no victims other than, broadly considered, the polity at large. Mr. De La Garza has caused no measurable damage to the United States or its citizens.

**2. History and Characteristics of the Defendant**

Mr. De La Garza's wife Tracy and their two minor daughters (ages 2 and 4) are each citizens of the United States. While clearly misplaced, Mr. De La Garza was motivated to commit this crime out of his desire to protect the United States and remain with his family.

Mr. De La Garza certainly has his faults, and he accepts responsibility for the crime he has committed in this case. Mr. De La Garza expressed remorse for his actions during his interview the probation officer. (PSR, ¶12 and see Exhibit D). It should also be noted, however, that Mr. De La Garza has no juvenile or adult criminal history. Mr. De La Garza has also developed strong, positive relationships with many members of the military and law enforcement communities in Southern Arizona. The many people who have written letters on his behalf, *attached hereto* as Exhibit E, paint a picture of very honorable man, who loves the United States of America.

The Defendant asks this Court to consider his service to the United States as both an honorably discharged Navy veteran and as a U.S. Customs and Border Protection Officer and his character as described by family and friends. He submits that his military and law enforcement service is not only mitigating, but also justification for a downward variance pursuant to § 3553(a).

**B. 18 U.S.C. § 3553(a)(2)**

**1. (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

In the instant case, the Probation Department recommends a one-year term of probation in consideration of § 3553(a). Mr. De La Garza concurs with the Probation Department's assessment that a one-year probation term is sufficient, but not greater than necessary, to advance the statutory purpose of sentencing. (PSR pg. 16). Mr. De La Garza's lack of prior criminal history together with his service to the United States uniquely distinguishes him from other defendants that may face similar criminal charges.

**2. (C) To protect the public from further crimes of the defendant;**

A one-year term of probation properly protects the public from further crimes at the hands of Mr. De La Garza. Mr. De La Garza's prior military and law enforcement positions were, at their heart, designed to protect U.S. citizens through the investigation and apprehension of criminal perpetrators. Mr. De La Garza understands his actions were illegal and submits to his punishment as evidenced by his acceptance of the government's plea offer. Given Mr. De La Garza's law enforcement background he, perhaps more than most defendants, understands the gravity of his unlawful acts. As such, and based on Mr. De La Garza's unique personal background, a one-year probation term properly protects the public and serves the interests of justice.

As a practical matter, and undoubtedly atypical for a criminal defendant before this Court, Mr. De La Garza welcomes and embraces the opportunity to demonstrate exemplary performance as a probationer. His sights are undeniably set on the horizon, specifically one year down the road. There is a reason. Under the Immigration and

Nationality Act, Mr. De La Garza, as a veteran of the armed forces, will be eligible to apply for naturalization one year after the date of his conviction. *See* 8 U.S.C. § 1440; 8 C.F.R. § 316.10(b)(2)(i).

Mr. De La Garza and his family ask only one thing from the United States—they ask for a second chance. Mr. De La Garza has, over the last year, already begun the process of proving that he can follow the rules by performing flawlessly on Pretrial Services release. He looks forward to proving himself on probation over the next year. After that, Mr. De La Garza is optimistic that U.S. Citizenship and Immigration Services will conclude that he has legitimately earned his second chance. If so, he and his family know that the United States will never regret conferring citizenship on a loving husband, a devoted father, a reliable member of the community, and a patriot who knows, better than most, what it means to lose the trust of the country you love.

Marco De La Garza can't wait to continue on the long road back to redemption.

### III. Conclusion

For the reasons set forth above, it is respectfully submitted that the Court should sentence Mr. De La Garza to a one-year term of probation.

RESPECTFULLY SUBMITTED this 21st day of March, 2019.

By: s/Matthew H. Green
Matthew H. Green
Attorney for Defendant

Electronic copy to:

U.S. Attorney's Office
Lori Price
Heather Siegele